UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BOBEL, et al.,

    Plaintiffs,

vs.

Civil Action No. 11-CV-10574
HON. MARK A. GOLDSMITH

MET LIFE HOME LOANS, INC.,

    Defendant.
_____/

## OPINION AND ORDER DENYING "PLAINTIFFS' OBJECTION TO REMOVAL" (D.E. 2)

Before the Court is Plaintiffs' filing, which the Court construes as a motion, entitled "Objection to Removal," filed in response to Defendant's removal of this case from Livingston County Circuit Court. Plaintiffs request an order remanding the lawsuit to state court. For the reasons below, the Court denies Plaintiffs' request for remand.

### I. Factual and Procedural Background

In December 2010, Plaintiffs James and Darlene Bobel filed the present suit against Defendant Met Life Home Loans in Livingston County Circuit Court. According to the complaint, Defendant wrongfully denied Plaintiffs a mortgage modification and wrongfully "commenced foreclosure proceedings." Docket Entry (D.E.) 1 (state court complaint) at 10 (cm/ecf pagination). Specifically, Defendant denied Plaintiffs' application for a loan modification on March 8, 2010, and delivered a foreclosure notice to Plaintiffs on March 27, 2010. Id. at 12. On August 18, 2010, Plaintiffs' property was sold to Defendant at a Sheriff's

sale for $216,750. Id. The listed last date of the redemption period, during which Plaintiffs could have redeemed the property, was February 18, 2011. D.E. 1-2 (purchaser affidavit) at 9 (cm/ecf pagination). However, on February 10, 2011, the state court stayed the redemption period until further order of that court. D.E. 2-2.

Plaintiffs' complaint alleges wrongful foreclosure and failure to negotiate a loan modification under state law. D.E. 1 at 13-17. The complaint seeks a court order enjoining foreclosure and an order forcing the Defendant to negotiate a loan modification. Id. at 13, 14, 15, 17. The complaint also seeks a declaratory judgment that Plaintiff is entitled to a loan modification. Id. at 15-16.

On February 11, 2011, Defendant filed a notice of removal, on the basis of diversity jurisdiction. Plaintiffs filed their objection and request for remand on February 15, 2011, claiming that the Court lacks diversity jurisdiction under 28 U.S.C. 1332(a) because the suit does not satisfy the requirement that the amount in controversy exceed $75,000. Defendant filed a response and Plaintiffs filed a reply to the response. Pursuant to E.D. Mich. L.R. 7.1(f)(2), the Court dispensed with oral argument, having concluded that the briefs adequately presented the issue for decision.

**II.    Discussion**

    **A. Parties' Arguments**

Plaintiffs maintain that the amount-in-controversy requirement is not met because "there is no amount in controversy." D.E. 2 (objection to removal) at 1. Plaintiffs argue their "relief is in equity." Id. at 2. They note that the only remedy available to them under the state statutes on which they base their complaint is preclusion of foreclosure, consideration of a loan

modification, and the possibility of Defendant having to pay a civil fine in the amount of $2000. Id. at 3.

Defendants respond that the amount in controversy is $216,750, the consideration listed in the Sheriff's Deed (and perhaps additional interest, costs, and attorneys' fees since the August 18, 2010 sale). D.E. 4 at 12 (response to motion to remand). They argue:

> Bobel's claim that all he wants is equitable relief, i.e.[,] a modification or a foreclosure by judicial means, is disingenuous and not made in good faith. The Bobels really need and want title to the instant property restored to them and they have filed suit in an attempt to recover the title they properly lost at the Sheriff's Sale. If this court dismisses Bobel's complaint, on motion or otherwise, the Bobels stand to lose the instant property and the last estimation of the value of that loss was the consideration stated in the Sheriff's Deed . . . an amount well in excess of $75,000.00. The Bobels cannot reasonably argue that they would accept equitable relief from the Defendant as requested and, assuming the court dismissed his complaint, lose the property. Implicit in Bobel's request for relief is the recovery of the value of the entire property as encumbered by the mortgage and secured by the note, i.e.[,] the land and physical structure, as described in the Sheriff's Deed. That is really what is at issue in this case.

D.E. 4 at 11.

### B.   Analysis

The Sixth Circuit has explained the standard governing satisfaction of the amount-in-controversy requirement:

> A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement. Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir.1993). Normally, "the sum claimed by the plaintiff[s] controls," id. at 156, but where plaintiffs seek "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000, id. at 158. In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal.

3

Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006).[1] In addition, where a plaintiff seeks injunctive or declaratory relief, "it is well-settled that the amount in controversy is to be measured for subject matter jurisdiction purposes by the value of the right that the plaintiff seeks to enforce or to protect against the defendant's conduct or the value of the object that is the subject matter of the action." 14AA Charles Allen Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3708 (4th ed. 2009).

Accordingly, Plaintiffs' contention that there is no amount in controversy is plainly wrong. The issue before the Court is determining the value of the right that Plaintiffs seek to enforce. In their complaint, Plaintiffs asked for two kinds of relief: (i) an order requiring Defendant to negotiate a loan modification, and (ii) an injunction to prevent foreclosure. While it may be impossible to put a value on a loan modification,[2] courts have addressed the issue of determining a value for enjoining foreclosure.

The Court is not aware of any binding precedent in this jurisdiction. However, the majority of the courts that have addressed the valuation issue in this context have determined that the relevant amount for amount-in-controversy purposes is determined by the fair market value of the property. See Brown v. Citimortgage, Inc., No. 10-0709-KD-M, 2011 WL 1059206, at *3 (S.D. Ala. Mar. 4, 2011); Kehoe v. Aurora Loan Servs. LLC, No. 10-cv-00256-RCJ-RAM, 2010 WL 4286331, at **3-4 (D. Nev. Oct. 20, 2010); Martinez v. BAC Home Loans Servicing, LP, No. SA–09–CA–951–FB, 2010 WL 6511713, at *12 (W.D. Tex. Sept. 24, 2010); Cabriales v.

---

[1] In addition, the amount in controversy should be determined "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 407 (6th Cir. 2007).

[2] See Mathews v. PHH Corp., No. 09-CV-00083, 2010 WL 3766538, at **5-6 (W.D. Va., Sept. 24, 2010) (concluding that value of the plaintiffs having a face-to-face meeting with the defendant before the defendant commenced foreclosure was too speculative and unquantifiable to meet the amount-in-controversy requirement).

Aurora Loan Servs., No. C 10-161 MEJ, 2010 WL 761081 *3 (N.D. Cal. Mar. 2, 2010); Mapp v. Deutsche Bank Nat'l Trust Co., No. 08-CV-695-WKW, 2009 WL 3664118, at *4 (M.D. Ala. Oct. 28, 2009); Berry v. Chase Home Fin., LLC, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009). As one court explains, since "the enjoinder of a foreclosure sale prohibits a transaction involving the whole value of the property [ ], then [t]he most appropriate way to measure the value of the rights at stake when a foreclosure is at issue is the value of the property itself." Brown, 2011 WL 1059206, at *3 (quoting Mapp, 2009 WL 3664118, at *3) (internal quotation marks omitted). Another court explains, "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property. Thus, the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property." Berry, 2009 WL 2868224, at *3.

Some courts take a second approach and conclude that the relevant amount is the amount owed on the mortgage loan. See Henderson v. Nationstar Mortg. Co., LLC, No. C07-2039JLR, 2008 WL 302374, at *1 (W.D.Wash. 2008); see also Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (determining that relevant value was either the amount of indebtedness or the fair market value of the property, and concluding that, because either amount was over the jurisdictional minimum, it need not decide between the two); Reyes v. Wells Fargo Bank, N.A., No. C-10-01667 JCS, 2010 WL 2629785, at *6, (N.D. Cal. June 29, 2010) (same); Garland v. Mortgage Elec. Registration Sys., Inc., Civ. No. 09-71 (JNE/JJG), 2009 WL 1684424, at *3 (D. Minn. June 16, 2009) (same).[3]

---

[3] A minority of courts take a third approach and find that the relevant amount is the amount of equity the Plaintiff has in his home. See Sanders v. Homecomings Fin., LLC, No. 2:08-CV-369-MEF, 2009 WL 1151868, at *3 (M.D. Ala. Apr. 29, 2009) ("[plaintiff's] interest in the property is, at the very most, his equity in the home"); Siewak v. AmSouth Bank, No. 06-CV-927, 2006 WL 3391222, at *5 (M.D. Fla. Nov. 22, 2006) (determining the amount in controversy to be "the

The Court need not decide between these two approaches, because under either approach, the amount-in-controversy requirement is met in this case. In March 2010, the notice of mortgage foreclosure sale received by Plaintiffs stated that there was $297,410.64 due on the mortgage. D.E. 1 at 39. Thus, whether the operative amount is the fair market value of the property, $216,750,[4] or the amount of Plaintiffs' indebtedness, around $297,410.64,[5] the amount-in-controversy requirement is met.

## III. Conclusion

For the foregoing reasons, the Court rejects Plaintiffs' argument that it does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and denies Plaintiffs' motion (D.E. 2).

---

value of the subject property less the validly executed mortgages"). The Court rejects this minority view. The Court notes that this view does not account for the fact that a plaintiff may assign great value to maintaining ownership and possession of his home. See Mapp, 2009 WL 3664118, at *4 (observing that "at least one of the bundle of property rights that [plaintiff seeking injunction against foreclosure] is seeking to enforce or protect through this litigation is his right to peacefully possess and enjoy his home. . . . He is not seeking merely to delay Defendants' foreclosure action or to obtain the value of the equity in his home. Foreclosure will require him to vacate his home and will cost him its title."). In addition, as previously noted, the amount in controversy is determined from the perspective of the plaintiff. Smith, 505 F.3d at 407.

[4] Under the circumstances here, fair market value is the amount for which the property sold at the Sheriff's sale. See, e.g., Kehoe, 2010 WL 4286331, at *4 (fair market value of property is price obtained at non-judicial foreclosure sale).

[5] This was the amount due in March 2010. The precise figure at the time of removal, February 11, 2011, would be somewhat higher in light of the daily-accruing interest.

SO ORDERED.

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

Dated: May 13, 2011
 Flint, Michigan

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 13, 2011.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

7